### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS
### AT WICHITA, KANSAS

| | |
|---|---|
| ALANNA AGUERO, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. |
| ) | |
| WALMART, INC., ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT**

Plaintiff, ALANNA AGUERO, by and through counsel, William L. Barr, Jr. of Bull Attorneys, P.A., and for her claims against Defendant, WALMART, INC. (WALMART), alleges and states:

1. Plaintiff, ALANNA AGUERO, is a citizen of Kansas.

2. This Court has proper venue and jurisdiction over the parties and subject matter.

3. Defendant, WALMART, INC. (WALMART), is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in a State outside the State of Kansas. Defendant, WALMART, is a corporation that maintains and operates retail stores at locations both in Kansas and throughout the United States. It may be served in Kansas at the office of its registered resident agent, The Corporation Company, Inc. located at 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.

4. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00) exclusive of interest and costs.

5. Prior to and on August 3rd, 2020 Defendant, WALMART, was in the business of owning

and operating retail discount stores in Kansas and throughout the United States.

6. Prior to and on August 3rd, 2020 Defendant, WALMART, owned, maintained and operated a WALMART Super Center retail store numbered 372 which was open to the public at 1905 N 14th Ave, Dodge City, KS 67801.

7. On August 3rd, 2020 Plaintiff, ALANNA AGUERO, was a business invitee in aisle 15 of the check-out line in the above-mentioned store owned by Defendant, WALMART, and was at all times herein relevant in the exercise of reasonable care for her own safety.

8. Prior to and on August 3rd, 2020 the floor surface in aisle 15 of the check-out line of Defendant, WALMART, at the above-mentioned store had become saturated with water.

9. Prior to and on August 3rd, 2020 this water had accumulated on the floor of the check–out line and was not clearly visible to shoppers. It caused the floor surface in the check-out line to become slippery and hazardous for shoppers wishing to check out of Defendant, WALMART, with their groceries.

10. On August 3rd, 2020 Plaintiff, ALANNA AGUERO, entered the above-mentioned check–out line in aisle 15 of Defendant, WALMART, and did not notice the wet floor surface.

11. At that time and place, as she entered the check-out line, Plaintiff's feet slipped from beneath her proximately causing her to fall to the floor. When she tried to get up Plaintiff slipped and fell again in the accumulated water on the floor surface of aisle 15.

12. As a proximate result of her fall Plaintiff was caused to and did suffer serious and permanent injuries.

13. At the abovementioned time and place and at all times herein relevant, the actions and omissions of the employees, agents and independent contractors of Defendant, WALMART were the actions and omissions of Defendant, WALMART, both individually and under the

doctrines of *Respondeat Superior* and Vicarious Liability and were negligent, careless, and wanton and include, but were not limited to:

- A. Creating a dangerous slip hazard by allowing a water to accumulate and remain in a high traffic area;
- B. Allowing water to saturate the floor surface in a high traffic area;
- C. Concealing a dangerous slip hazard in a high traffic area of its store;
- D. Allowing a dangerous concealed slip hazard to exist in a high traffic area;
- E. Failing to remove a water saturated mat in a high traffic area;
- F. Failing to warn of accumulating water on the floor surface of it produce section;
- G. Failing to mop or wipe up accumulating water on the floor surface of its check out aisle during business hours;
- H. Failing to inspect the floor surface of its check out aisle for dangerous slip hazards;
- I. Failing to place signage warning its customers of the wet condition of its floor; and
- J. Was negligent and wanton in the operation and maintenance of its check out aisle in ways that will be disclosed during further discovery in this case.

14. As a proximate result of the wanton, negligent actions and omissions of Defendant, WALMART, individually and by its employees, agents, independent contractors and servants plaintiff, ALANNA AGUERO, suffered injuries including bulging discs in her back, lumbar spinal injuries, pelvic and left ankle injuries and was otherwise injured and damaged. Plaintiff, ALANNA AGUERO, has undergone medical treatment including epidural injections to alleviate her back pain, been damaged with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, great medical expenses, economic loss, permanent disfigurement, and permanent disability. In the future, Plaintiff will suffer with

pain, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement and permanent disability. For the aforementioned damages, Plaintiff has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

15. Plaintiff brings a claim for loss of consortium and loss of services suffered by her spouse.

WHEREFORE, Plaintiff, ALANNA AGUERO, prays for judgment against Defendant, WALMART, INC., in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for her damages, for her costs incurred in bringing this action, and for such other and further relief as the Court deems just and equitable.

**BULL ATTORNEYS, P.A.**

*/s/ William L. Barr, Jr.*
William L. Barr, Jr., # 26775
10111 E. 21st Street North, Suite 204
Wichita, Kansas 67206
Ph: 316-684-4400 /Fax: 316-684-4405
bill@bullattorneys.com
*Attorney for Plaintiff*

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

Plaintiff demands a pretrial conference and a trial by jury in this matter.

## DESIGNATION FOR PLACE OF TRIAL

Plaintiff designates Wichita, Kansas as the place for trial in this matter.

**BULL ATTORNEYS, P.A.**

*/s/ William L. Barr, Jr.*
William L. Barr, Jr., # 26775